UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 98-CR-20042** |
| v. ) | |
| ) | |
| **KEITH A. HALLIBURTON** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Defendant has previously filed five motions either facially pursuant to § 2255 or that were construed as a motion under § 2255 (05-CV-2185; 06-CV-2111; 09-CV-2015; #65; #67); two motions under § 3582 for retroactive sentencing (#77, #103); one motion to compel the Government to issue a Rule 35 motion for a downward departure (#68); one motion to reduce his sentence pursuant to the 2011 Crack Cocaine Amendment (#105); and two appeals, *United States v. Halliburton*, 202 F.3d 275, 1999 WL 980650 (7th Cir. 1999) (unpublished table decision); *United States v. Halliburton,* 281 Fed.Appx. 550, 551, 2008 WL 2404744 (7th Cir. 2008) (unpublished). None of Defendant's motions was granted.

Defendant's motions argue essentially the same thing--that the Government promised him that it would, at its discretion, make a Rule 35 motion for downward departure in exchange for his substantial assistance, but the Government did not subsequently file such a motion.

To the extent that Defendant again seeks a modification of his sentence under § 2255,

this court has no jurisdiction to entertain a successive §2255 without certification from the Seventh Circuit, and Defendant has not provided such certification. 28 U.S.C. § 2255(h).

To the extent that Defendant again seeks a modification pursuant to § 3582, he was sentenced to the statutory mandatory minimum, and this court has no jurisdiction to alter that sentence. U.S.S.G. § 1B1.10(b)(2); *Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010).

To the extent that Defendant again seeks to challenge his sentence based on the same theory that he posed in his direct appeal or any prior § 2255, he is not permitted to relitigate that finding under the doctrine of the law of the case. *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004).

Because Defendant has wasted this court's time and the Government's time with his incessant and undeterred filings with the same, already-decided argument, this court must resort to exercising its inherent power to manage its docket. *See, e.g.*, *Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2147 (2012). The Clerk of the Court is directed to docket all subsequent filings from Defendant seeking to vacate or modify his sentence as letters. In his filing, Defendant shall include argument clearly distinguishing how the merits of his new motion are not related to his prior motions to challenge his sentence or showing that he has obtained certification to do so from the Seventh Circuit. This court will review each filing carefully. If, upon careful review, this court finds that Defendant has not made a claim independent and separate from his prior claims or that he has not obtained certification to file his motion, summary dismissal via text order shall issue. If the claim is valid, the Clerk shall be directed to redocket it as a motion. Unless this court directs the Government to respond, no response is necessary.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Defendant must show that jurists of reason would find it debatable whether his Motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court concludes that jurists of reason would not find it debatable whether Defendant's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable that this court correctly found that this court is without jurisdiction to entertain his Motion.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion (#109) is DISMISSED.

(2) The Clerk of the Court is directed to docket all further motions from Defendant in accordance with this Order.

(3) The Government is not required to respond to any further filings from Defendant unless otherwise ordered.

ENTERED this 29th day of May, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE